UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ ) | |
| **KENNETH MAGUIRE,** ) | **CIVIL ACTION NO.** |
| Plaintiff ) | |
| v. ) | |
| ) | |
| **THE PRUDENTIAL INSURANCE** ) | |
| **COMPANY OF AMERICA,** ) | |
| Defendant ) | |
| _____) | |

## COMPLAINT

The Plaintiff, KENNETH MAGUIRE ("MAGUIRE"), by and through him undersigned counsel, hereby sues THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. MAGUIRE brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. MAGUIRE was, at all times relevant, a citizen of the United States of America and in all respects sui juris.

3. PRUDENTIAL is a corporation with its principal place of business in the State of New Jersey that is authorized to transact and is transacting business in the Commonwealth of Massachusetts.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant,

PRUDENTIAL, is authorized to and is doing business within the Commonwealth of Massachusetts and "may be found" in the Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to MAGUIRE.

6. MAGUIRE, at all times material, was an employee of or former employee of The Bank of New York Mellon Corporation ("BNY").

7. By way of his employment, MAGUIRE was at all times material a plan participant under the BNY's Long Term Disability Insurance Plan, Group Contract Number G-24392-NY (the "LTD Plan"), which is a long term disability insurance policy issued by PRUDENTIAL to BNY, which is the contract holder. It is pursuant to LTD Plan G-24392-NY to which MAGUIRE is entitled to benefits. A copy of the LTD Plan as provided by PRUDENTIAL has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. PRUDENTIAL is the insurer of benefits under the LTD Plan and is the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, PRUDENTIAL administered the claim with a conflict of interest and the bias this created affected the claim's determination. As such, PRUDENTIAL is not entitled to a deferential standard of review.

11. PRUDENTIAL is the fiduciary charged with making benefit determinations under the LTD Plan including the determinations made on MAGUIRE's claim at issue.

12. Pursuant to the terms and conditions of the LTD Plan, MAGUIRE is entitled to LTD

2

benefits for the duration of his disability, or until age 67, so long as he remains disabled as required under the terms of the LTD Plan.

13. According to the LTD Plan, disability is defined as follows:

    *You are disabled when Prudential determines that:*

    - *you are unable to perform the **material and substantial duties** of your **regular occupation** due to your **sickness** or **injury**; and*
    - *you are under the **regular care** of a **doctor;** and*
    - *you have a 20% or more loss in your **monthly earnings** due to that sickness or injury.*
    *After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:*
    - *you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience; and*
    - *you are under the regular care of a doctor.*

    *The loss of a professional or occupational license or certification does not, in itself, constitute disability.*

    *Prudential will assess your ability to work and the extent to which you are able to work by considering the facts and opinions from:*

    - *your doctors; and*
    - *doctors, other medical practitioners, or vocational experts of our choice.*

    *When we may require you to be examined by doctors, other medical practitioners or vocational experts of our choice, Prudential will pay for these examinations. We can require examinations as often as it is reasonable to do so. We may also require you to be interviewed by an authorized Prudential Representative. Refusal to be examined or interviewed may result in denial or termination of your claim.*

14. At all relevant times, MAGUIRE complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

15. Since approximately July 10, 2023, MAGUIRE has been disabled under the terms of the LTD Plan.

16. Since on or about July 10, 2023, MAGUIRE has been unable to perform the material and substantial duties of his regular occupation due to sickness or injury.

17. Since on or about July 10, 2023, MAGUIRE has had a 20% or more loss in his monthly

3

earnings due to that sickness or injury.

18. Since on or about July 10, 2023, due to sickness or injury, MAGUIRE has been unable to perform the duties of any gainful occupation for which he is reasonably fitted by education, training or experience.

19. At all relevant times, MAGUIRE has been under the regular care of a doctor.

20. At all relevant times, MAGUIRE was a Covered Person under the LTD Plan.

21. Shortly after becoming disabled, MAGUIRE applied for disability benefits under BNY Short Term Disability ("STD") plan. MAGUIRE was approved for all STD benefits through the STD maximum benefits period or January 8, 2024.

22. In November 2023 MAGUIRE made a claim to PRUDENTIAL under the LTD Plan for disability benefits.

23. By letter dated March 12, 2024, PRUDENTIAL denied MAGUIRE's claim for LTD benefits, contending that MAGUIRE's medical condition would not prevent him from performing his regular occupation.

24. MAGUIRE timely and properly submitted an appeal of PRUDENTIAL's March 12, 2024 denial.

25. By letter March 9, 2025, PRUDENTIAL affirmed its previous decision to deny MAGUIRE's claim for LTD benefits.

26. Since January 8, 2024, MAGUIRE has not received benefits owed to him under the LTD Plan despite MAGUIRE's right to these benefits.

27. PRUDENTIAL has refused to pay MAGUIRE's claim for LTD benefits as of January 8, 2024.

28. At all relevant times, PRUDENTIAL was the payer of benefits.

29. At all relevant times, PRUDENTIAL was the "Insurance Company" identified throughout

the LTD Plan.

30. At all relevant times, PRUDENTIAL was the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

31. At all relevant times, MAGUIRE has been and remains Disabled and entitled to LTD benefits from PRUDENTIAL under the terms of the LTD Plan.

32. MAGUIRE has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

33. MAGUIRE incorporates Paragraphs 1 through 32 as if fully set forth herein.

34. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B).

35. Pursuant to 29 U.S.C. §1132(a)(1)(B), MAGUIRE, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

36. MAGUIRE has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of PRUDENTIAL's failure to pay him continued disability benefits.

37. MAGUIRE has exhausted all required administrative remedies under the LTD Plan.

38. Defendant breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to MAGUIRES at a time when PRUDENTIAL knew, or should have known, that MAGUIRES was entitled to those benefits under the terms of the LTD Plan, as MAGUIRES was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of MAGUIRE'S claim for LTD benefits;

5

    (c) After MAGUIRE'S claim was terminated in whole or in part, PRUDENTIAL failed to adequately describe to MAGUIRES any additional material or information necessary for MAGUIRES to perfect his claim along with an explanation of why such material is or was necessary.

    (d) PRUDENTIAL failed to properly and adequately investigate the merits of MAGUIRE'S disability claim and failed to provide a full and fair review of MAGUIRE'S claim.

39. MAGUIRE believes, and thereon alleges, that PRUDENTIAL wrongfully denied his claim for disability benefits under the LTD Plan by other acts or omissions of which MAGUIRE is presently unaware, but which may be discovered in this future litigation and which MAGUIRE will immediately make PRUDENTIAL aware of once said acts or omissions are discovered by MAGUIRE.

40. Following the denial of benefits under the LTD Plan, MAGUIRE exhausted all administrative remedies required under ERISA, and MAGUIRE has performed all duties and obligations on his part to be performed under the LTD Plan.

41. As a proximate result of the aforementioned wrongful conduct of PRUDENTIAL, MAGUIRE has damages for loss of disability benefits in a total sum to be shown at the time of trial.

42. As a further direct and proximate result of this improper determination regarding MAGUIRE's claim for benefits, MAGUIRE, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), MAGUIRE is entitled to have such fees and costs paid by PRUDENTIAL.

43. The wrongful conduct of PRUDENTIAL has created uncertainty where none should exist. Therefore, MAGUIRE is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, KENNETH MAGUIRE prays for relief against THE PRUDENTIAL INSURANCE COMPANY OF AMERICA as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED:  May 1, 2025

        ATTORNEYS DELL & SCHAEFER, CHARTERED
        Attorneys for Plaintiff
        2625 Weston Road
        Weston, FL  33331
        (954) 620-8300
        Fax: (954) 922-6864

*S/ Jay P. Symonds*
JAY P. SYMONDS
BBO No: 637972
Email: jay@diattorney.com

GREGORY MICHAEL DELL
BBO No: 677565
Email: gdell@diattorney.com